FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 14 A 10 44

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LORENZO LAPEZ CLARK,

  Plaintiff,

v.           CIVIL ACTION NO.: CV612-029

TARMARSHE SMITH,

  Defendant.

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendant filed a Motion for Summary Judgment to which Plaintiff responded. For the reasons which follow, Defendant's Motion should be **GRANTED**. Plaintiff filed a Motion to Supplement, seeking to add a witness to his Complaint. Plaintiff's Motion is **DENIED**.

### STATEMENT OF THE CASE

Plaintiff contends that Defendant Smith used an excessive amount of force against him while he was handcuffed. Plaintiff also contends that Defendant Smith punched him in the mouth, which caused Plaintiff to bite his tongue, and pulled him down to the ground, which caused the handcuffs to cut Plaintiff's wrists. Plaintiff further contends that Defendant Smith placed leg irons on him, which caused cuts on his ankles.

AO 72A
(Rev. 8/82)

Defendant avers that Plaintiff cannot sustain his Eighth Amendment use of force claim. Defendant also avers that he is entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record

2

and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## **DISCUSSION AND CITATION TO AUTHORITY**

Defendant asserts that Plaintiff concedes that: he did not want to move from his cell to another; he refused an order to move and to stop making noises; and he was argumentative and cursing at officers. Defendant asserts that it was appropriate for him to use force against Plaintiff to maintain positive control. Defendant alleges that it also was appropriate to take Plaintiff to the ground and use restraints. Defendant contends that the amount of force he used was minimal, as the medical records demonstrate. Defendant also contends that the medical examination which occurred immediately after revealed two (2) small abrasions on Plaintiff's tongue and no injury to Plaintiff's wrists or ankles. Defendant asserts that Plaintiff was belligerent and argumentative and "made an aggressive move." (Doc. No. 31-1, p. 14). Plaintiff responds that Defendant fails to demonstrate that his actions were justified in light of the circumstances surrounding this use of force incident.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that prison officials are entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison officials' conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that

the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cnty. Bd. of Cnty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendant acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Pretermitting a determination of whether Defendant used an excessive amount of force against Plaintiff for a malicious and sadistic purpose to inflict harm, as a matter of law Plaintiff is not entitled to judgment in his favor. The objective evidence of record reveals that Plaintiff suffered no more than a de minimis injury as a result of whatever amount of force Defendant used against Plaintiff. Specifically, Defendant submitted a copy of a DVD of Plaintiff's escort to the medical unit, which appears to begin immediately after Defendant allegedly punched Plaintiff in the mouth and handcuffed Plaintiff's wrists and ankles. (Doc. No. 30). Plaintiff turned his head toward the camera on several occasions, and there were no visible injuries to Plaintiff. (Doc. No. 30, 0:24-0:30, 1:34, 3:30, 4:36, 4:47, 8:50, 10:20, 10:49, 11:18, and 11:28). Plaintiff also stuck

AO 72A
(Rev. 8/82)

out his tongue a few times. (Id. at 0:58, 1:25, and 4:52). Plaintiff's tongue was slightly red (presumably from having bit his tongue), but there were no visible cuts or tears to his tongue, nor was blood gushing from his tongue or mouth. In addition, Plaintiff's speech did not appear to be affected, as his comments to the escorting officers and the nurse were completely understandable. Moreover, the person operating the video camera zoomed in on Plaintiff's ankles when the shackles were being removed. There were no cuts, bloods, or even indentations where the shackles were. (Id. at 10:56). Plaintiff later held one of his wrists against the window of his cell, which revealed he had a couple of dark marks on that wrist. However, there did not appear to be any cuts on or blood coming from Plaintiff's wrist. (Id. at 12:36).

Moreover, the use of force assessment form, which was completed by Van Sharpe, a nurse, indicates that Plaintiff had bite marks on each side of his tongue. No other visible injuries were noted. (Doc. No. 31-13, pp. 10-11). Plaintiff had no follow up visits to medical or complaints of injury as a result of this use of force incident, nor was a follow up recommended. (Id. at p. 10).[1]

In his affidavit, Mr. Sharpe declares that Plaintiff asserted that officers "busted [his] mouth[,]" and Mr. Sharpe focused his examination on Plaintiff's facial area though he did a full body assessment. (Doc. No. 31-10, p. 4, ¶ 9). Mr. Sharpe also declares that Plaintiff did not mention any other injuries or pain other than the handcuffs being

---

[1] The undersigned notes Plaintiff's contention that Dr. Floyd, a mental health counselor, saw Plaintiff three (3) days after this use of force incident and that Plaintiff showed Dr. Floyd the cuts he had on his ankles and wrists. (Doc. No. 35, pp. 1-2). Not only is this contention contradicted by the DVD of Plaintiff's escort to medical and back to a cell, Plaintiff offers no evidence to support this contention. The undersigned also notes that Plaintiff seeks permission to obtain sworn affidavits and statements from Dr. Floyd and other witnesses. (Id. at p. 3). Plaintiff has the burden of obtaining his own evidence in response to Defendant's Motion. Plaintiff has had sufficient time to do so and did not.

5

tight. (Id. at pp. 4-5, ¶¶ 9-10). Mr. Sharpe's declarations are supported by a review of the DVD. (Doc. No. 30, 4:36-8:30).

Plaintiff stated during his deposition that, in accordance with the allegations made in his Complaint, he received cuts to his wrists and ankles which bled and that these cuts exposed his "meat". (Doc. No. 31-18, p. 18). This testimony, coupled with his testimony that Defendant caused him to bite his tongue, (id.), is the only information Plaintiff has provided that he suffered any injuries as a result of the use of force incident. (Id. at pp. 20-22, 24).

Despite Plaintiff's testimony as to his injuries, he fails to create a genuine dispute as to a fact material to his excessive force claim. First, Plaintiff's testimony that he suffered cuts to his wrists and/or ankles which were bleeding is contradicted by the DVD depicting Plaintiff's injuries. Thus, the Court need not take Plaintiff's allegations as true. Beshers v. Harrison, 495 F.3d 1260, 1262 n.1 (11th Cir. 2007) (citing Scott v. Harris, 550 U.S. 372, 378 (2007), for the proposition that a plaintiff's version of events need not be adopted if that version is clearly contradicted by videotape evidence of the incident such that no reasonable jury could believe that contradicted version of events). Secondly, even if the undersigned were to accept Plaintiff's assertion that he received cuts to his wrists and ankles as true, Plaintiff would show that he suffered no more than de minimis injuries. Such injuries are insufficient to overcome a well-supported motion for summary judgment.

It is unnecessary to address Defendant's qualified immunity defense.

6

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 14th day of February, 2013.

*James E. Graham*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)